PALMER *et al. v.* CHANDLER *et al.*

(Division B. Dec. 1, 1930.)

[131 So. 104. No. 28980.]

Frank Everett, of Indianola, for appellants.

Oscar B. Townsend, of Indianola, for appellants.

Moody & Johnson, of Indianola, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from an order sustaining motion to dissolve an injunction and granting an appeal to settle the principles of the case.

Richard Palmer and Leonidas De Laine filed a bill against W. H. Chandler, Mrs. Kate Fernandez, and Gordon L. Lyon, trustee in a deed of trust given by De Laine to W. H. Chandler and wife to secure the purchase money for certain lands described in the bill. It was alleged that on or about the 20th day of March, 1929, W. H. Chandler and wife, Maria G. Chandler, by warranty deed conveyed to De Laine the said lands for a consideration of three hundred dollars cash and the execution of certain notes described in the bill (two of which were for five hundred twenty-five dollars each), and the assumption by De Laine of certain indebtedness to a building and loan association. One of the two notes for five hundred twenty-five dollars each involved in this litigation was payable November 1, 1929, and the other November 1, 1930, and the building and loan instalments

were payable monthly. Mrs. Maria Chandler sold to W. H. Chandler her interest in the notes of five hundred twenty-five dollars each. Some time after this transaction, W. H. Chandler, being in need of funds, applied to Mrs. Fernandez for a loan of six hundred sixty-five dollars, which was obtained, and the two notes for five hundred twenty-five dollars each were assigned as collateral security to secure the said note of W. H. Chandler to Mrs. Fernandez. After giving these notes to Mrs. Fernandez, W. H. Chandler entered into a contract with Richard Palmer, by which it was contracted and agreed that Palmer would pay Chandler's indebtedness to Mrs. Fernandez on or before the 9th day of July, 1929, and as a consideration for which agreement Chandler assigned to Palmer, or agreed to transfer when the said debt was paid, the two notes for five hundred twenty-five dollars each, and Palmer paid to Chandler one hundred thirty-five dollars cash in addition to the agreement to pay the debt to Mrs. Fernandez. It was provided in this agreement between Palmer and Chandler that should Palmer fail or refuse for any reason to pay the money to the said Mrs. Fernandez on or before the 9th day of July, 1929, then the payment of one hundred thirty-five dollars paid to Chandler would be retained by him as liquidated damages, and the contract should become null and void and of no effect. This contract was dated the 29th day of June, 1929, and on the 8th day of July, 1929, De Laine and Palmer approached the agent of Mrs. Fernandez and desired to make a cash payment of two hundred sixty-three dollars and fifty cents and have the balance deferred until November 1, 1929.

According to Fernandez, the agent of Mrs. Fernandez, De Laine represented that such arrangement was agreeable to Chandler, and thereupon an indorsement or stipulation was written on the back of a copy of the contract, held by Palmer, between Palmer and Chandler, above mentioned, which notation read: "In considera-

tion of the payment to me of two hundred sixty-three dollars and fifty cents in cash on this day by Richard Palmer and Dr. De Laine on the indebtedness of six hundred sixty-five dollars mentioned on the reverse side of this instrument, I hereby agree to and do hereby extend the payment of the remainder of said sum until November 1st, 1929.'' This stipulation was signed by Mrs. Fernandez by T. J. Fernandez, agent. Mr. Fernandez, the agent, testified that shortly after this stipulation was signed he saw Chandler, and Chandler objected to the arrangement, and that he then retendered to De Laine and Palmer the two hundred sixty-three dollars and fifty cents received from them, which they refused to take back. He further testified that he told Dr. De Laine, who was acting for himself and Palmer, that he would not surrender any of the collateral. He also testified that De Laine told him Chandler was out of town that day and could not be procured, but that the arrangement was agreeable to him. Subsequently Chandler paid Mrs. Fernandez the entire sum due, six hundred sixty-five dollars and interest, and Mrs. Fernandez redelivered to W. H. Chandler the two notes for five hundred twenty-five dollars each.

During the month of October, 1929, De Laine and Palmer tendered to Mr. Fernandez, the agent of his wife, Mrs. Fernandez, four hundred one dollars and fifty cents, the difference between the two hundred sixty-three dollars and fifty cents paid and the six hundred sixty-five dollars due by Chandler to Mrs. Fernandez, which he refused to accept. The note due on the 1st day of November 1929, by Dr. De Laine to Chandler, above mentioned, was not paid on its due date, and Chandler proceeded to have the land advertised for sale to satisfy the said debt, when the injunction was sued out.

W. H. Chandler testified on a motion to dissolve that at the time of the transaction, above mentioned, between him and Mr. Palmer, which was attested by De Laine, he told De Laine and Palmer the reason he was making

this contract and offer to them was that he had a chance to sell a lot owned by him which was incumbered, and the title had to be cleared up and it was necessary for Mrs. Fernandez to be paid before the title could be cleared, and that the sale was an advantageous one, and that Palmer and De Laine both had knowledge of this reason for making the said sale of the two notes, and the procuring of the agreement of Palmer to pay Mrs. Fernandez his note on or before the 9th day of July, although the note was not due until later; that in order to make the said sale he must have the title cleared and the contract consummated by July 10th. Chandler further testified that he knew nothing of the arrangement between De Laine and Palmer and Mrs. Fernandez, by which Mrs. Fernandez undertook to extend the time of performance of Palmer's contract with Chandler, and that he did not learn of the same until two or three weeks after said arrangement had been made, and that he had never consented thereto and never been consulted about it, and that he lost the sale of the lot because of the failure of Palmer to make the payment. He further testified that he had no conversation with De Laine and Palmer about the matter, but that he paid Mrs. Fernandez the debt and repossessed the two notes and refused to accept the four hundred one dollars and fifty cents tendered in October, 1929.

De Laine testified that prior to the 9th day of July he tendered to Mr. Fernandez, the agent of Mrs. Fernandez, the total amount of Chandler's indebtedness, which Fernandez refused to accept. This statement was denied by Fernandez. De Laine testified further that Fernandez agreed to accept a partial payment, and that same was paid on such agreement as shown by the indorsement on the contract above set forth. De Laine also testified to the tender of the money, four hundred one dollars and fifty cents, to Mrs. Fernandez and to Chandler. He also testified that he had seen Chandler almost every day

from the time he paid Mrs. Fernandez two hundred sixty-three dollars and fifty cents until the advertising of the foreclosure under the deed of trust, and that Chandler never mentioned to him his dissatisfaction with the arrangement between De Laine, Palmer, and Mrs. Fernandez.

It is contended by the appellant that the chancellor erred in dissolving the injunction, because the collateral notes assigned to Mrs. Fernandez as security for the debt of Chandler were her property as a bona-fide purchaser, and that she had a right to extend the time of payment or deal with them otherwise as a bona-fide purchaser could, and also that the injunction should have been retained until the final hearing because there was a conflict in the evidence.

As we view the case, Mrs. Fernandez and De Laine and Palmer had no right to extend the time in which Palmer should make the payment to Mrs. Fernandez on Chandler's debt as he had agreed to do in the contract. In this contract Mrs. Fernandez was not a party, and the consideration of the contract between Palmer and Chandler shows that there was some urgent reason on Chandler's part to have this payment made. If the chancellor on final hearing should find that Chandler's version of the testimony is true, it would constitute a powerful reason for desiring the debt paid to Mrs. Fernandez before it was obliged to be paid under the contract. We think also that under the terms of the contract between Palmer and Chandler the one hundred thirty-five dollars paid should be treated as liquidated damages, and the contract avoided and thereafter annulled because of the nonperformance of the contract by Palmer. It is perfectly permissible for the parties to agree upon the amount of damages for breach of contract, and also that after nonperformance it shall be at an end and thereafter have no further legal effect.

If the chancellor shall believe from the evidence that Fernandez' testimony is true as to the representation made by De Laine at the time the partial payment was accepted, that Chandler had consented thereto, and that he accepted expressly upon that representation, and that Palmer had not made a tender of the full amount of Chandler's debt prior to the 9th day of July, then Palmer breached his contract, and Chandler had a right to thereafter treat it as void, and Fernandez and Chandler each had a right to refuse the tender of the four hundred one dollars and fifty cents made in October, and Chandler had the right, at the maturity of the note, to proceed to foreclose the deed of trust given by De Laine, above mentioned. And if the chancellor shall so believe, the five per cent damages allowed by statute for the dissolution of injunctions should be allowed to Chandler.

Should the chancellor believe from the evidence that Palmer and De Laine tendered the six hundred sixty-five dollars due Mrs. Fernandez by Chandler, and that it was refused, then it would have become the duty of Palmer and De Laine to have notified Chandler of such refusal, and his consent to forbearance obtained.

If the chancellor should find that Chandler knew of the transaction as it took place between Fernandez and Palmer, and acquiesced in it at the time, and that Chandler had not notified Palmer of the pending sale of the lots and the reasons for the transfer of the note to Palmer and a contract between Palmer and Chandler, and that Chandler knew of the tender, if there was in fact a tender by Palmer to Fernandez, and acquiesced therein or refused to take any action in reference thereto, then he would not allow damages upon the injunction on the final hearing.

We do not agree with the appellant that Mrs. Fernandez had any right to deal with the collateral notes, given to secure the note of Chandler to Mrs. Fernandez, otherwise than to collect them when due and apply them to

payment of Chandler's debt to her, should the debt be then unpaid to her. We think on proof in the record the chancellor had a right to dissolve the injunction and permit the sale to proceed, or require the note to be paid, on the advertised date. We believe that the foregoing settles all the controlling principles in the case, and the judgment of the chancellor is affirmed, and the cause remanded.

Affirmed and remanded.